CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 18 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARYLL KEITH SHUMAKE, | ) | |
| Plaintiff, | ) | Civil Action No. 7:12cv00174 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| KAMEKO LIAN SMITH/DILLARD, | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Plaintiff, Daryll Keith Shumake, a Virginia inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant, the mother of his children, violated his constitutional rights by destroying his personal property.[1] As relief, Shumake seeks $1.5 million.[2] Upon consideration of his complaint, the court finds that Ms. Smith/Dillard is an improper defendant in a § 1983 civil rights action and, therefore, dismisses Shumake's complaint without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed *by a person acting under color of state law*. West v. Atkins, 487 U.S. 42 (1988) (emphasis added). In this case, it is clear from Shumake's allegations that the defendant was not acting under the color of state law when she destroyed Shumake's memoirs. Therefore, the court dismisses Shumake's complaint as frivolous.

---

[1] Specifically, defendant destroyed Shumake's memoirs that Shumake had asked her to hold and eventually pass on to their children.

[2] Shumake also attaches a note to his complaint, indicating that he would take $5,750.42 as an alternate value for defendant's violation of his rights.

1

## II.

For the stated reasons, the court dismisses this action without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of the Court is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

ENTER: This 16th of April, 2012.

_____
United States District Judge